UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DONALD REGAN and NANCY REGAN,   NOT FOR PUBLICATION

Plaintiffs,

- against -   MEMORANDUM AND ORDER
  07-CV-1112 (RRM) (JO)

DAIMLER CHRYSLER CORPORATION, et al.,

Defendants.
------------------------------------------------------------X
MAUSKOPF, United States District Judge.

On July 11, 2008 and July 14, 2008, respectively, United States Magistrate Judge James Orenstein issued Orders denying the parties' joint motions for indeterminate extensions of the previously set deadlines for submitting settlement position letters (Docket No. 65) and filing a Joint Pretrial Order (Docket No. 68). On July 17, 2008, defendants appealed Judge Orenstein's rulings (Doc. No. 69) pursuant to Federal Rule of Civil Procedure 72(a).[1] The court assumes the parties' familiarity with the background facts and procedural history leading up to Judge Orenstein's Order.

## Standard of review

Under Federal Rule of Civil Procedure 72(a), a district court shall "modify or set aside any part of [a magistrate judge's order] that is clearly erroneous or is contrary to law." Rule 72(a) provides for "a highly deferential standard of review." Wynder v. McMahon, No. 99-CV-772, 2008 U.S. Dist. LEXIS 1945, at *2 (E.D.N.Y. Jan. 9, 2008). This standard "'imposes a heavy burden on the objecting party,' and 'only permits reversal where the magistrate judge

---

[1] Although defendants informed the court that they sought to appeal Judge Orenstein's Orders "after conversing with all parties" (Docket No. 69 at 1), they did not indicate which, if any, other parties joined in their application. The court need not resolve this issue to address the instant appeal.

abused his discretion.'" Cadet v. Miller, No. 05-CV-5042, 2007 U.S. Dist. LEXIS 90337, at *2 (E.D.N.Y. Dec. 7, 2007) (quoting Mitchell v. Century 21 Rustic Realty, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002). As the district court in Nielsen v. New York City Dep't of Educ. explained:

> Under the clearly erroneous standard of review of Rule 72(a), the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently. Rather, the district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

No. 04-CV-2182, 2007 U.S. Dist. LEXIS 48637, at *3 (E.D.N.Y. July 5, 2007).

## Discussion

Defendants' Rule 72(a) appeal does not even acknowledge the applicable standard of review, let alone make any attempt to demonstrate why Judge Orenstein's Orders were "clearly erroneous" or "contrary to law." Based on the record, the court sees no basis for concluding that Judge Orenstein abused his discretion in denying the requested extensions. The Orders appealed from set filing deadlines in a fairly straightforward personal injury action. Those deadlines had already been amended once, and provided the parties just shy of an *additional* four months to prepare the required filings. In light of Judge Orenstein's duty to ensure the just, speedy and inexpensive resolution of civil actions as well as his expertise and broad discretion in handling pre-trial matters of this type, this court will not disturb the Magistrate Judge's Orders.

## Defendants' alternative request

As an alternative to granting their appeal, defendants have asked the court to grant a 30-day extension of the existing deadlines for filing settlement position letters and the Joint Pretrial Order. That request is also DENIED.

2

## Conclusion

Defendants' appeal of Judge Orenstein's July 11, 2008 and July 14, 2008 Orders is DENIED and their alternative request for 30-day extensions to file pre-trial and settlement documents is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
July 18, 2008

/s/ RRM
ROSLYNN R. MAUSKOPF
United States District Judge